United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Gregory L. Beers  
      Debtor

Case No. 19-17273-pmm  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-4     User: PaulP     Page 1 of 1     Date Rcvd: Apr 20, 2020  
                          Form ID: pdf900     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 22, 2020.  
db         +Gregory L. Beers,    6520 1st Avenue,    Allentown, PA 18106-9301

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                                                      TOTAL: 0

            ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 22, 2020                                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 20, 2020 at the address(es) listed below:  
         GEORGE M. LUTZ    on behalf of Debtor Gregory L. Beers glutz@hvmllaw.com, amerkey@hvmllaw.com;r49419@notify.bestcase.com  
         REBECCA ANN SOLARZ    on behalf of Creditor    M&T BANK bkgroup@kmllawgroup.com  
         SCOTT F. WATERMAN (Chapter 13)    ECFMail@ReadingCh13.com  
         United States Trustee    USTPRegion03.PH.ECF@usdoj.gov  
                                                                                                                   TOTAL: 4

IN ~~THE UNITED STATES BANKRUPTCY COURT~~
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Gregory L. Beers <br> _Debtor_ | CHAPTER 13 |
| M&T Bank <br> _Movant_ <br> vs. | NO. 19-17273 PMM |
| Gregory L. Beers <br> _Debtor_ | |
| Shawn M. Frederick <br> _Co-Debtor_ | 11 U.S.C. Sections 362 and 1301 |
| Scott F. Waterman, Esquire <br> _Trustee_ | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$5,648.80** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | December 2019 to March 2020 at $1,154.45/month |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$5,648.80** |

2. The Debtor shall cure said arrearages in the following manner:

   a). Within seven (7) days of this Stipulation being approved by the Court, the Debtors shall make a down payment in the amount of **$4,617.80**;

   b). Within seven (7) days of the filing of this Stipulation being approved by the Court, Debtor shall file an Amended Chapter 13 Plan to include the remaining post-petition arrears of **$1,031.00.**

   c). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$1,031.00** along with the pre-petition arrears;

   d). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due April 1, 2020 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $1,154.45 (or as adjusted

pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3). Further, the Order granting relief from the automatic stay shall also contain a provision providing for ongoing *in rem* stay relief for Movant as to the Property.

6. If the case is converted to Chapter 7, Movant may file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay. Further, the Order granting relief from the automatic stay shall also contain a provision providing for ongoing *in rem* stay relief for Movant as to the Property.

7. If the case is dismissed, Movant may file a Certification of Default with the Court and the Court shall enter an order granting Movant ongoing *in rem* stay relief for Movant as to the Property.

8. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, except for the provision contained in Paragraph 7., and is not binding upon the parties.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:    March 27, 2020                By: */s/ Rebecca A. Solarz, Esquire*
                                       Attorney for Movant

Date: April 15, 2020

_____
George M. Lutz, Esquire
Attorney for Debtors

Date: 4/17/2020

_____
Scott F. Waterman, Esquire
Chapter 13 Trustee

Approved by the Court this __20th__ day of __April__, 2020. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Patricia M. Mayer

M&T BANK
80 Holtz Drive
Cheektowaga, NJ 14225